## OSCAR PAGE v. STATE,

### [54 South. 725.]

CRIMINAL LAW. *Carrying concealed deadly weapon. Threats.*

It is a good defense to a prosecution for carrying a deadly weapon concealed, that defendant had been informed of threats of violence against him which he had reasonable grounds to believe and did believe were true.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Oscar Page was convicted of carrying concealed weapons and appeals.

The facts are fully stated in the opinion of the court.

*Wells & Wells,* for appellant.

Having proceeded to deny poor Oscar any instructions at all in his behalf, the court then proceeded to give one instruction for the state which was intended and resulted in putting a quietus on Oscar's defense, which instruction is as follows, to-wit:

"The court instructions the jury for the state that if you believe from the evidence beyond a reasonable doubt that the defendant carried a pistol upon his person then it is the sworn duty of the jury to return the following verdict: We, the jury find the defendant guilty as charged and this is true even though you may believe all of the testimony offered on behalf of the defendant."

In the first place this instruction even if properly given including the word "doubt" in the second line was omitted, it would be fatally erroneous because the defendant had a right to have the jury pass upon whether or not the threats were made as testified to by defendant and other witnesses both for the state and the defendant.

It was patent error for the court to charge peremptorily as it did in said instruction for the jury to find the defendant guilty as charged even though the jury might believe all of the testimony offered on behalf of the defendant. If the jury believe the testimony for the defendant, he was certainly entitled to an acquittal at their hands because the statute expressly gives the right to the defendant to carry weapons concealed in whole or in part when his life is threatened. The Constitution of the state gives to every citizen the right to bear arms, which right, however, is limited by statute that they cannot be borne concealed in whole or in part except under certain circumstances. The statute expressly says, section 1105 of the Code of 1906, as follows, to-wit:

"Any person indicted or charged for violation of the last section may show as a defense . . . (A) That he was threatened and had good and sufficient reason to apprehend a serious attack from an enemy, and that he did so apprehend."

*Carl Fox,* assistant attorney-general, for appellee.

After reading this argument carefully several times, I am wholly unable to make any argument for the state without doing violence to a firmly fixed personal opinion that the learned circuit judge erroneously dispensed with the services of the jury in the case.

McLAIN, C.

Appellant was convicted in the circuit court, second district, of Hinds county, for carrying concealed a deadly weapon. From this judgment, he appeals to this court.

The assistant attorney-general, Mr. Carl Fox, with commendable fairness, admits in his brief that this case should be reversed for error therein contained. We fully concur in this view, after a careful examination of the record. Upon the trial of this case the court instructed the jury, for the state, that: "If you believe

from the evidence beyond a reasonable doubt that the defendant carried concealed, in whole or in part, a deadly weapon, to-wit, a pistol, upon his person, then it is the sworn duty of the jury to return the following verdict: 'We, the jury, find the defendant guilty as charged.' And this is true, even though you may believe all of the testimony offered in behalf of the defendant.''

Under the facts of this case, this instruction was error. A careful review of the record clearly shows that there was sufficient evidence of threats in this case, so as to have warranted the trial judge in granting the instruction, asked by the defendant, to the effect that the issue presented for the consideration of the jury is whether or not they believe that threats of violence were made against the defendant, and communicated to him, and that, if they so believe that such threats were so made and communicated to defendant, and that he had a reasonable ground to believe the same, then it was their duty to acquit defendant. The instructions asked by the defendant should have been given by the court.

*We think the case should be reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is reversed and remanded.